IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JASON JACKSON, ) | |
| ) | |
| Plaintiff, ) | Case No. 19-cv-6378 |
| ) | |
| v. ) | |
| ) | |
| KAPSTONE CONTAINER CORPORATION ) | |
| d/b/a VICTORY PACKAGING, ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

Defendant, KapStone Container Corporation ("KapStone"), incorrectly named as "KapStone Container Corporation d/b/a Victory Packaging," hereby removes this case from the Circuit Court of Kane County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

### Facts and Procedural Background

1. Plaintiff, Jason Jackson, filed this case in the Circuit Court of Kane County, Illinois on June 19, 2019. Ex. A, Pl.'s Compl. He claims to have sustained "severe bodily injuries" while working at a Victory Packaging warehouse located at 1405 Sequoia Drive in Aurora, Illinois on June 21, 2017. *Id.* at ¶¶ 2–5.

2. KapStone, the only named defendant, was served with Plaintiff's Summons and Complaint on August 28, 2019. Ex. B, Notice of Service of Process.

3. Plaintiff's Complaint alleges that KapStone owned and operated the Victory Packaging warehouse in Aurora at all times relevant. Ex. A, Pl.'s Compl. at ¶ 2. Contrary to Plaintiff's allegation, Victory Packaging, L.P. has operated the subject warehouse pursuant to a lease with a third party from the date of the subject occurrence to present.

1

4. Plaintiff's Complaint alleges that Plaintiff is a citizen of Illinois and that KapStone is a citizen of Georgia. *Id.* at ¶¶ 1–2.

5. Plaintiff's Complaint seeks damages in excess of $100,000. Ex. A, Pl.'s Compl.

## Grounds for Removal

6. This case is properly removed to the United States District Court for the Northern District of Illinois, Eastern Division, based on diversity of citizenship pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. This Court has jurisdiction because the procedural requirements for removal are satisfied, the case involves complete diversity of citizenship, and the amount in controversy exceeds $75,000.

**A.  KapStone has satisfied the procedural requirements for removal.**

7. This Court is the proper forum for this case because this Court's district and division encompass the Circuit Court of Kane County, Illinois. 28 U.S.C. §§ 93(a)(1) and 1446(a).

8. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and a copy of all process, pleadings, and orders sufficient to show the basis for jurisdiction are attached as Ex. A–B. 28 U.S.C. § 1446(a).

9. KapStone filed this Notice of Removal within 30 days of receiving service of Plaintiff's Summons and Complaint. 28 U.S.C. § 1446(b)(1).

10. Less than one year has passed since Plaintiff filed this case on June 19, 2019. 28 U.S.C. § 1446(c)(1).

11. The amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a) and 1446(c)(2).

12. A copy of this Notice of Removal is being served on Plaintiff's counsel and filed with the Clerk of the Circuit Court of Kane County, Illinois. 28 U.S.C. § 1446(d).

**B.     There is complete diversity of citizenship.**

13. Plaintiff is a citizen of Illinois. Ex. A, Pl.'s Compl. at ¶ 1.

14. KapStone is a Georgia corporation with its principal place of business in Atlanta, Georgia. KapStone is therefore a citizen of Georgia. 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

15. Plaintiff and KapStone are the only two parties to this case and they are citizens of different states. Complete diversity therefore exists between the parties.[1]

**C.     The amount in controversy exceeds $75,000.**

16. If removal is sought on the basis of diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy …." 28 U.S.C. § 1446(c)(2); *See also Reed v. Fed. Exp. Corp.*, 11-CV-00806, 2011 WL 2669272, at *1 (N.D. Ill. July 7, 2011) (finding the amount in controversy satisfied for purposes of diversity removal when Plaintiff's Complaint requested $95,000 in damages).

17. Here, Plaintiff's Complaint seeks damages in excess of $100,000. Ex. A, Pl.'s Compl. Plaintiff also alleges that he sustained "severe bodily injuries," including "past, present,

---

[1] The caption of Plaintiff's Complaint incorrectly implies that KapStone does business as "Victory Packaging." Victory Packaging, L.P., the lessee and operator of the subject warehouse, is not a party to this case, but even if it was, complete diversity would still exist because Victory Packaging, L.P. is not an Illinois citizen. Victory Packaging, L.P. is a Texas limited partnership. Its general partner, KapStone Charleston Kraft, LLC is a Delaware corporation with its principal place of business in Charleston, South Carolina. KapStone Charleston Kraft, LLC is wholly owned by Victory Packaging, L.P.'s limited partner, KapStone Kraft Paper Corporation, a Delaware corporation with its principal place of business in Atlanta, Georgia. Victory Packaging, L.P. is therefore a citizen of Texas, Delaware, South Carolina, and Georgia. *Smart v. Local 702 Int'l Broth. of Elec. Workers*, 562 F.3d 798, 803 (7th Cir. 2009) (a limited partnership has the citizenship of each of its partners).

and future pain and suffering, medical and hospital expenses, lost wages, and possible permanent impairment." *Id.* at ¶¶ 5–59[*sic*].

18    Plaintiff's allegations demonstrate that the amount in controversy exceeds $75,000. *Walton v. Bayer Corp.*, 643 F.3d 994, 998 (7th Cir. 2011) (holding that "the litany of injuries [plaintiff] claims to have sustained . . . makes clear that she is seeking damages in excess of $75,000.")

## Conclusion

19.    This action is properly removed to the United States District Court for the Northern District of Illinois, Eastern Division, based on diversity of citizenship pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. This Court has jurisdiction because the procedural requirements for removal are satisfied, the case involves complete diversity of citizenship, and the amount in controversy exceeds $75,000.

20.    If any question should arise regarding the propriety of the removal of this case, KapStone respectfully requests the opportunity to brief the issue and present an oral argument in support of removal.

## Non-Waiver of Defenses

21.    By removing this case to federal court, KapStone does not waive any available defenses or admit any of the allegations made in Plaintiff's state court Complaint.

For the reasons detailed above, KapStone Container Corporation respectfully removes this case from the Circuit Court of Kane County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division.

Respectfully submitted,

**Maron Marvel Bradley Anderson & Tardy LLC**

By: */s/ Adam J. Jagadich*
Adam J. Jagadich, ARDC #6280278
Kyle R. Clapper, ARDC #6312552
30 South Wacker Drive, Suite 3920
Chicago, Illinois 60606
(312) 579-2014 (ofc)
(312) 579-3144 (fax)
ajagadich@maronmarvel.com
kclapper@maronmarvel.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served upon all counsel of record via the Court's CM/ECF system on this 25th day of September, 2019.

*/s/ Adam J. Jagadich*